1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT SCOTT INGRAM,

                    Plaintiff,

     v.

JILL JACKSON, et al.,

                Defendant.

CASE NO. C19-1980-RSM-BAT

**REPORT AND RECOMMENDATION**

13      Plaintiff, Robert Scott Ingram, commenced this civil rights action by filing a complaint

14 pursuant to 42 U.S.C. § 1983. Dkt. 4. Plaintiff is a prisoner currently housed at Washington State

15 Penitentiary and proceeds *pro se* and *in forma pauperis*, in this action. *Id.* Plaintiff's complaint

16 names the following defendants: Washington State Department of Social and Health Services,

17 and Jill Jackson (Social Worker, DSHS). *Id.* The Court, having reviewed and screened the

18 complaint recommends that plaintiff's claims be dismissed prior to service. *See* 28 U.S.C. §

19 1915(e)(2); 28 U.S.C. § 1915A(a), (b).

20                          **BACKGROUND**

21      In his complaint plaintiff alleges Jill Jackson, a social working with DSHS called his

22 counselor at the Department of Corrections and stated plaintiff needed to take a "parenting class"

23 putting "a hold" on him. Dkt. 4. Although not explicitly stated, the Court infers from plaintiff's

REPORT AND RECOMMENDATION - 1

complaint that defendant Jackson is a DSHS social worker involved in a custody case related to plaintiff's son. *Id.* Plaintiff alleges he is supposed to go on work release beginning in March 14, 2020, but that has been told the twelve-week parenting class does not restart until January 14, 2020. *Id.* Plaintiff indicates this means he will not be released on work release for an additional four weeks, until he completes the parenting class. *Id.* Plaintiff argues defendant Jackson is denying him "the right to attend work release, find a job, a home …" *Id.* Plaintiff also claims he has not received a hearing regarding being denied or delayed work release. *Id.* Plaintiff claims defendant Jackson "chose to deny [him] work release because he refused to sign over his parental rights to his 11 year old son … [and] [b]y keeping him incarcerated she denied hi[m] the right to speak for himself and his son in court." *Id.* Plaintiff claims the actions of defendant Jackson and DSHS violate his right to due process. *Id.* As relief, plaintiff seeks monetary damages of $120,000.00. *Id.*

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir.

1  1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend

2  need not be granted "where the amendment would be futile or where the amended complaint

3  would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

4       To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct

5  complained of was committed by a person acting under color of state law, and (2) the conduct

6  deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

7  United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate

8  avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v.*

9  *Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). "A person 'subjects' another to the deprivation of

10  a constitutional right" when that person's conduct or omission "causes the deprivation of which

11  complaint is made." *Arnold v. Int'l Bus. Machs. Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981)

12  (quoting *Johnson v. Duffy,* 588 F.2d 740, 743–44 (9th Cir. 1978)). The conduct must be not only

13  a cause in fact of the deprivation, but also a proximate cause. *Id.* at 1355–56. The defendant's

14  conduct is not a proximate cause of a constitutional deprivation if the defendant neither knew nor

15  had reason to know that the deprivation would result. *See Harrington v. City of Portland,* 677

16  F.Supp. 1491, 1495–96 (D.Or. 1987) (holding that the plaintiff did not adequately allege that the

17  defendant police officers knew or should have known that their conduct would cause the City

18  defendants to discriminate against her on the basis of sex or deprive her of continued public

19  employment without due process).

20  **A.    Eleventh Amendment Immunity**

21       Plaintiff names DSHS as a defendant in this civil rights action. Plaintiff also names

22  defendant Jackson in her official capacity. But the Eleventh Amendment bars lawsuits against

23  the State of Washington or its agencies in federal court. *See Papasan v. Allain*, 478 U.S. 265,

276 (1986). Absent an express waiver or a valid abrogation by Congress, a state's sovereign immunity bars a lawsuit against the state or its agencies in federal court. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). The State of Washington has not waived its Eleventh Amendment immunity. *Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982); RCW 4.92.010.

Accordingly, the Eleventh Amendment bars plaintiff's suit against DSHS and defendant Jackson in her official capacity. *See Hennessey v. State of Wash., Dept. of Social and Health Services*, 627 F.Supp. 137 (E.D. Wash., Aug. 27, 1985) (civil rights action against Washington State Department of Social and Health Services barred by Eleventh Amendment); *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (Eleventh Amendment Immunity also shields state officials from official capacity suits.). Due to the nature of this claim it is not curable through amendment. Accordingly, the Court recommends plaintiff's claims against DSHS be dismissed.

**B.    Defendant Jackson**

Plaintiff also fails to state a claim against defendant Jackson in her individual capacity under 42 U.S.C. § 1983. Defendant Jackson's recommendation to plaintiff's DOC counselor that plaintiff take a parenting class does not, in and of itself, state a claim of a constitutional or federal statutory violation. Plaintiff does not assert any facts to indicate that defendant Jackson herself had control over plaintiff's release date or when parenting classes at his DOC facility are scheduled, but only that she indicated to his counselor that he needed to take a parenting class. Reading plaintiff's complaint liberally, DOC officials then determined plaintiff should remain in custody beyond his original work release date to complete the parenting class. Plaintiff also complains that his work release date was delayed without a hearing but does not allege defendant

Jackson is in any way responsible for the lack of such a hearing. Because it appears clear that defendant Jackson was not the proximate cause of plaintiff's alleged constitutional injury, amendment of this claim would be futile.

Accordingly, the Court recommends that plaintiff's claim against defendant Jackson be dismissed. If plaintiff believes he can allege facts demonstrating that defendant Jackson was the proximate cause of his alleged constitutional injury, he should file an amended complaint stating such facts along with his objection to the Court's Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **January 27, 2020.** The Clerk should note the matter for **January 31, 2020**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed eight (8) pages.  The failure to timely object may affect the right to appeal.

DATED this 13th day of January, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5